996 F.2d 1236
 27 U.S.P.Q.2d 1959
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STANDARD HAVENS PRODUCTS, INC., Plaintiff-Appellee,
v.
GENCOR INDUSTRIES, INC., Defendant-Appellant.
 No. 93-1208.
 United States Court of Appeals, Federal Circuit.
 May 21, 1993.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined July 20, 1993.
 
 Before RICH, ARCHER, and MICHEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gencor Industries, Inc. appeals from the order of the United States District Court for the Western District of Missouri, No. 88-1209-CV-W-3 (Jan. 27, 1993), denying Gencor's motion for a stay of permanent injunction and stay of damages proceedings. We reverse and remand.
 
 DISCUSSION
 
 2
 The district court incorrectly concluded that the reexamination decision can have no effect on this infringement suit even if the reexamination decision becomes final. As a matter of law, however, and as both parties agree, if the reexamination decision of unpatentability is upheld in the court action under 35 U.S.C. § 145 (1988), the injunction would thereby immediately become inoperative. In addition, if a final decision of unpatentability means the patent was void ab initio, then damages would also be precluded. Therefore, the injunction should have been stayed. Thus in either event, contrary to the assumption of the trial court, the reexamination proceeding "would control" the infringement suit.
 
 
 3
 To preserve the status quo pending finality of the section 145 action, the damages proceeding should also have been stayed. The issues of damages and enjoinability in this suit still being unresolved, despite trial and proper appeal, we do not regard the issues of patent validity and infringement as having been incorporated into a final judgment that would moot the issue of a stay pending completion of the section 145 suit.
 
 
 4
 Accordingly, we reverse the decision of the district court as based on legal error and remand with instructions to stay the imposition of the permanent injunction and to stay any further proceedings respecting damages until the reexamination decision becomes final.[1] This stay is conditioned on continuing deposits in the escrow account as required by our order dated February 22, 1990. Further, the district court may require Gencor to make an accounting of the escrow account.
 
 COSTS
 
 5
 Each party to bear its own costs.
 
 
 
 [1]
 Nothing herein shall preclude the issuance of appropriate orders to protect Standard Havens in the event of a petition in bankruptcy by Gencor